UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLIN JONES, JR.,<br>   Petitioner,<br>    v.<br>RANDY GROUNDS, Warden,<br>   Respondent. | NO. CV 08-2147-PSG (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected. The Court accepts the findings and recommendation of the Magistrate Judge. Petitioner's objections are overruled.

Regarding Ground Two, Petitioner contends the Report incorrectly "assum[ed]" that prosecution witness Conedy could not have entered a plea bargain in exchange for his testimony because Conedy testified at the preliminary hearing before he committed his crime. (Objections at 8-9.) Petitioner misunderstands the Report. The record did not support Conedy's declaration that he entered into a plea bargain in exchange for his testimony. (Report at 14-15.)

Conedy's testimony at trial against Petitioner was consistent with his testimony at the preliminary hearing, and Conedy committed his crime, and was convicted of the crime, in between the preliminary hearing and Petitioner's trial. Thus, Petitioner's argument that Conedy's trial testimony was motivated by a desire to obtain a special deal on his own case makes no sense. (*Id.*) Petitioner argues that Conedy's testimony at the preliminary hearing actually "resulted in the dismissal of the first information." (Objections at 6.) This is not a correct statement. At the conclusion of the preliminary hearing, the court held Petitioner to answer on Counts 1 and 2.[1] (LD 3 at 53.)

Petitioner next contends that the Report "fail[ed] to note" that Petitioner's first information was dismissed "due to Mr. Conedy's failure to appear at the 'first' scheduled trial." (Objections at 9 (citing LD 3 at 334-35).) Petitioner's contention is unsupported by the pages he cites from the record, nor is there anything in the record before the Court that indicates the first information in Case No. MA011469 was dismissed for that reason. In any event, the crucial point is that Conedy's testimony at Petitioner's trial was consistent with his testimony at the first preliminary hearing, which occurred before Conedy committed a separate crime that formed the basis of his later plea.[2] (Report at 14-15.)

Regarding Ground Three, Petitioner contends the Report used the incorrect legal standard in analyzing materiality under *Napue v. Illinois*, 360 U.S. 264, 79 S. Ct. 1173, 3 L. Ed. 2d 1217 (1959). Petitioner argues that "a *Napue* violation requires that the conviction be set aside whenever there is 'any reasonable likelihood that the false testimony "*could*" have affected the judgment

---

[1] The court dismissed Count 3 for school burglary because "there's been no evidence on Count 3." (LD 3 at 52.)

[2] Petitioner also claims Conedy "failed to appear" at a later preliminary hearing on July 17, 1996 in Case No. MA012309. (Objections at 6.) There is no indication in the record that Conedy was subpoenaed to appear or "failed" to appear. Conedy was not called as a witness at that preliminary hearing.

2

1  of the jury.'" (Objections at 13 (citations omitted, emphasis in original).) To
2  prevail on a *Napue* claim, a petitioner must show three elements: "(1) the
3  testimony (or evidence) was actually false, (2) the prosecution knew or should
4  have known that the testimony was actually false, and (3) that the false testimony
5  was material." *United States v. Zuno-Arce*, 339 F.3d 886, 889 (9th Cir. 2003);
6  *Hayes v. Brown*, 399 F.3d 972, 984 (9th Cir. 2005). Because the prosecutor
7  neither knew nor should have known that Conedy gave false testimony, Petitioner
8  cannot establish the elements of a *Napue* violation. (Report at 16.)

9  Petitioner's remaining objections are without merit.[3]

10  Petitioner's requests for an evidentiary hearing (Objections at 12, 18, 21,
11  27) are DENIED because he has not shown that a hearing would enable him to
12  prove factual allegations that, if true, would entitle him to federal habeas relief.
13  *Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S. Ct. 1933, 167 L. Ed. 2d 836
14  (2007); *see also Cullen v. Pinholster*, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557
15  (2011).

16  IT IS ORDERED that Judgment be entered denying the Petition and
17  dismissing this action with prejudice.

19  DATED: _____October 25, 2011___         _____
20                                                        PHILIP S. GUTIERREZ
                                                          United States District Judge

---

28  [3] With respect to Ground Seven, Petitioner says the counsel at issue was not private defense counsel as indicated by the record. (Objections at 29.)

3